1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malinda Sherwyn, | No. CV-21-00249-TUC-JR |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| Clarus HQ, *et al.* | |
| Defendants. | |

On June 21, 2021, Plaintiff Malinda Sherwyn filed her pro se Complaint (Doc. 1) and a motion to proceed in forma pauperis (Doc. 2). In the Complaint, Plaintiff describes a tripping incident allegedly involving Defendants' Mobile Board that resulted in injuries. She specifically alleges that "[t]he Mobile Board created by Claris HQ is a poorly designed tripping hazard and caused an injury that laid me up over the entire summer of 2020." Complaint, ¶ 7. Plaintiff "seeks compensatory damages in the amount of $30,000.00 plus if I hire one, all attorney[']s fees and costs if incurred in connection with this action." Complaint, ¶ 8.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, even where the parties do not raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

In her complaint, Plaintiff failed to allege any basis for federal question jurisdiction under 28 U.S.C. § 1331. Additionally, the facts she has alleged also do not support a plausible federal claim against the Defendants. Rather, the allegations in the complaint support a claim for negligence or products liability that ordinarily would be governed by state law.

She also has failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (establishing that the federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."). She alleges damages in the amount of $30,000.00. However, "jurisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Based on the foregoing, Plaintiff has failed to meet her burden of establishing the basis of the Court's jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090,

1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts"). Without a basis for jurisdiction, the Court is required to dismiss the case. Fed R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

**Accordingly,**

**IT IS ORDERED** that Plaintiff SHOW CAUSE why the Court should not dismiss this action for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(3) by August 13, 2021. Failure to respond by August 13, 2021, will result in the immediate dismissal of the action.

Dated this 13th day of July, 2021.

*Jacqueline M. Rateau*

Honorable Jacqueline M. Rateau
United States Magistrate Judge